## THE HALO.

## VAN NEWKIRK v. CITIES SERVICE OIL CO.

### No. 3430.

Circuit Court of Appeals, First Circuit.

May 10, 1939.

Charles Van Newkirk, pro se.

Putnam, Bell, Dutch & Santry, Arthur J. Santry, and Frederick Fish, all of Boston, Mass., for appellee.

Before WILSON, Circuit Judge, and PETERS and BREWSTER, District Judges.

PER CURIAM.

This is a proceeding in admiralty. The libellant shipped as a merchant seaman on the steamship "Halo" and was employed as a machinist. He joined the steamship "Halo" at the port of Boston at wages of $100 per month. On November 5th, 1937, the ship stopped at Chal Met, Louisiana, to discharge cargo.

The libellant at this port left the ship, as he claims, on business. On the return of the ship to Boston he was discharged. He brought this libel seeking, as he alleges, to be restored to his berth on the ship and wages, together with $10,000 as compensation for any and all suffering and impoverishment by reason of his discharge.

The libellant having obtained service by attaching the vessel, it was surrendered to the owner upon the giving of a bond. The case was heard on the libellant's "Motion to compel bond and surrender of contract," and upon claimant's exceptions to the libel.

Though no exception was taken to the denial of this motion, the procedure in giving bond and redelivery of vessel to owner appears to have been in accordance with Rules 6, 8 and 12 in Admiralty, 28 U.S.C.A. following section 723. No facts are set forth in libellant's affidavit that warranted the District Court in ordering the contract for hire in the case to be impounded in the custody of the clerk of the court.

The issues raised by libellant's assignments of error are without merit.

The first and second assignments raise issues, of which a Court of Admiralty might take jurisdiction, if the facts alleged in the libel constituted a cause of action in admiralty. The District Court, however, did not rule that a question involving a mariner and his wages, or that a vessel and her cargo, if engaged in maritime commerce, in no case would result in a cause of action in admiralty, but held that the facts alleged in the libel did not bring the case within the jurisdiction of the Admiralty Court.

The third assignment raised no issues before the Admiralty Court. There was no allegation in the libel of any failure by the claimant to pay the libellant any wages he had earned, or any allegation that he was wrongfully discharged before the expiration of the period of employment; or that his employment did not terminate on the arrival of the ship at Boston; or that the master of the vessel was not free to terminate his employment at any time for any reason whatsoever.

"While the court of admiralty exercises its jurisdiction upon equitable principles, it has not the characteristic powers of a

900

court of equity. It cannot entertain a bill or libel for specific performance." The Eclipse, 135 U.S. 599, 608, 10 S.Ct. 873, 876, 34 L.Ed. 269.

The fourth and fifth assignments disclose no errors in the rulings of the District Court.

The decree of the District Court is affirmed with costs.